JOHNSON, Appellee,

v.

JOHNSON, Appellant.

[Cite as *Johnson v. Johnson* (1993), 86 Ohio App.3d 433.]

Court of Appeals of Ohio,
Greene County.

No. 92 CA 101.

Decided Feb. 19, 1993.

*John O. Martin,* for appellee.

*Brian C. Petroziello,* for appellant.

WOLFF, Judge.

Paul H. Johnson appeals from a judgment of the Greene County Court of Common Pleas, Domestic Relations Division, which rejected the report and recommendation of the referee, who had determined that a divorce decree previously entered by the Greene County Court of Common Pleas, Domestic Relations Division, was null and void. The action of the trial court prompting this appeal was taken in connection with Mr. Johnson's Civ.R. 60(B) motion to vacate the Greene County divorce decree.

Paul and Marian L. Johnson were married in 1947. They separated in 1988. Mr. Johnson moved to Illinois and Mrs. Johnson remained in Ohio. In March 1988, Mr. Johnson, through his Illinois attorney, sent a proposed separation agreement dated March 12, 1988, to Mrs. Johnson. After Mrs. Johnson received the proposal, she and Mr. Johnson had a telephone discussion of the proposal. Mrs. Johnson rejected the proposal.

Mr. Johnson subsequently filed a divorce action in Cook County, Illinois. Pursuant to Illinois statutes, service was made upon Mrs. Johnson by publication in an Illinois newspaper, a copy of which was simultaneously mailed by regular mail to Mrs. Johnson's residence in Ohio. The Circuit Court of Cook County, County Department–Domestic Relations Division, issued a judgment of dissolution of marriage on July 11, 1991. The judgment addressed only the termination of the marriage. The court reserved the issues of the division of real and personal property, and the issues of maintenance and support. In her affidavit opposing Mr. Johnson's motion to vacate the Greene County divorce decree, Mrs. Johnson denied receiving notice of the Illinois action by regular mail.

On June 6, 1991, Mrs. Johnson filed an action for divorce in Greene County, Ohio. Mr. Johnson was served with notice of the action by certified mail. The certified mail was returned "unclaimed." Notice was then sent by regular mail. There is no indication in the record that Mr. Johnson did not receive the second notice.

A hearing on Mrs. Johnson's Ohio divorce action was set for December 11, 1991. On October 1, 1991, the trial court received, apparently from Mr. Johnson, an uncertified, unexemplified copy of the Illinois decree. Mr. Johnson did not enclose a letter of explanation with the copy of the decree, nor did he respond in any fashion contemplated by the Ohio Rules of Civil Procedure to Mrs. Johnson's divorce complaint. Mr. Johnson failed to appear at the December 11, 1991 hearing. The trial court entered a decree of divorce on that date. As part of the property distribution, Mrs. Johnson received, *inter alia*, the marital residence in Greene County, Ohio, her own pension, and eighty percent of Mr. Johnson's General Motors Corporation pension. A qualified domestic relations order was issued to preserve Mrs. Johnson's interest in Mr. Johnson's pension.

On April 13, 1992, Mr. Johnson filed a motion to vacate the December 11, 1991 divorce decree, pursuant to Civ.R. 60(B), arguing that full faith and credit should have been afforded to the Illinois decree. On May 22, 1992, a hearing on Mr. Johnson's motion was held before a referee. Counsel for the parties presented arguments, but no testimony was taken. On June 30, 1992, the referee issued a report recommending that the motion to vacate be sustained. According to the referee, the Ohio decree was null and void because Ohio was required to give full faith and credit to the Illinois decree.

Mrs. Johnson filed objections to the referee's report. The trial court rejected the referee's report on the grounds that Mrs. Johnson had not been properly served with notice of the Illinois proceeding and thus the Illinois decree was not entitled to full faith and credit. Mr. Johnson appeals from this judgment, raising a single assignment of error:

"The trial court erred in failing to vacate the final judgment and decree of divorce and by failing to give full faith and credit to a prior Illinois divorce decree between these same parties."

Mr.. Johnson argues that because he was a domiciliary of Illinois, the Illinois court had jurisdiction to hear his divorce action and thus Ohio should have afforded full faith and credit to the Illinois decree. Mrs. Johnson counters that she was not properly served with notice of the Illinois divorce action because service by publication was insufficient and amounted to a denial of due process. Thus, she maintains that the Illinois decree was not entitled to full faith and credit. We agree.

Although the Illinois court had the jurisdiction to entertain Mr. Johnson's divorce action on the basis of his domicile, the court nevertheless had to properly serve Mrs. Johnson with notice of the proceeding in order to exercise jurisdiction over her. Illinois statutes permit out-of-state residents to be served by publication, along with notice by regular mail.

In *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, the United States Supreme Court addressed the issue of what constituted adequate notice upon out-of-state parties. In *Mullane*, a New York trust company sought the judicial settlement of accounts in its common trust fund. The only notice to the trust beneficiaries was by publication in a local newspaper. New York banking law authorized this method of publication notice. The court, distinguishing between claimants with known addresses and those whose whereabouts were unknown, determined that service by publication upon claimants with known addresses violated the Fourteenth Amendment. The court held:

"The statutory notice to known beneficiaries is inadequate, not because in fact it fails to reach everyone, but because under the circumstances it is not reasonably calculated to reach those who could easily be informed by other means at hand. However it may have been in former times, the mails today are recognized as an efficient and inexpensive means of communication. Moreover, the fact that the trust company has been able to give mailed notice to known beneficiaries at the time the common trust fund was established is persuasive that postal notification at the time of accounting would not seriously burden the plan." *Id.* at 319, 70 S.Ct. at 660, 94 L.Ed. at 876.

Although Illinois law authorizes service by publication under the circumstances of this case, it must yield to the rule established in *Mullane,* namely, that if the whereabouts of the out-of-state party are known at the time of publication, then service must be made by means other than by publication.

The Supreme Court of Ohio has followed the rule of *Mullane.* In *Pasqualone v. Pasqualone* (1980), 63 Ohio St.2d 96, 17 O.O.3d 58, 406 N.E.2d 1121, the Supreme Court of Ohio refused to accord full faith and credit to an Illinois permanent custody award to the plaintiff mother that was issued in connection with an Illinois "dissolution of marriage." The Supreme Court's refusal to accord full faith and credit was based in part upon the fact that the defendant father, an Ohio resident, had not been served with notice of the Illinois action as of the date that the Illinois trial court awarded temporary custody of the parties' minor child to the plaintiff. The plaintiff, an Illinois resident, had sought a writ of habeas corpus in Ohio to obtain custody of the parties' minor child, predicated upon the Illinois custody award. The trial court denied the writ, which action was ultimately affirmed by the Supreme Court. *Id.* at 106, 17 O.O.3d at 64, 406 N.E.2d at 1128. The Supreme Court held that Ohio courts were not bound by the Illinois custody decree because the Illinois court had failed to obtain timely personal jurisdiction over the Ohio defendant. The court explained that:

"[E]ven if the Illinois court had the ability to obtain jurisdiction over [the defendant], the court was obligated to serve him with the best possible notice

before a disposition could be made against him." *Id.* at 100, 17 O.O.3d at 61, 406 N.E.2d at 1125, citing *Mullane.*

■ Thus, *Pasqualone*, interpreting *Mullane*, requires that "the best possible notice" be served upon an out-of-state party before a foreign decree will be afforded full faith and credit.

Mr. Johnson contends that R.C. 3105.06 legislatively overruled *Pasqualone*. On the basis of this contention, he further contends that because Ohio permits service by publication upon domestic relations defendants who are not residents of Ohio, Ohio must afford full faith and credit to the Illinois decree that issued after mere publication service upon Mrs. Johnson. We disagree with both contentions.

R.C. 3105.06 provides in pertinent part that:

"If the residence of a defendant in an action for divorce, annulment, or legal separation is unknown, or if the defendant is not a resident of this state or is a resident of this state but absent from the state, notice of the pendency of the action shall be given by publication as provided by the Rules of Civil Procedure."

■ We find no conflict between R.C. 3105.06 and *Pasqualone*. Although R.C. 3105.06 provides for service by publication in divorce, annulment or separation proceedings, it is circumscribed by the limitation that such notice must comply with the Rules of Civil Procedure. Civ.R. 4.4 sets forth the procedure for service by publication, and the limitations upon the use of such service, and provides in pertinent part that:

"(A) Residence unknown.

" * * *

"(2) In a divorce, annulment, or legal separation action, if the plaintiff is proceeding *in forma pauperis* and if the residence of the defendant is unknown, service by publication shall be made by posting and mail. Before service by posting and mail can be made, an affidavit of a party or the party's counsel shall be filed with the court. * * *

" * * *

"(B) Residence known. If the residence of a defendant is known, and the action is one in which service by publication is authorized by law, service of process shall be effected by a method other than by publication as provided by:

" * * *

"(2) Rule 4.3(B) if defendant is not a resident of this state[.]"

Civ.R. 4.3(B) requires that service upon an out-of-state resident of known residence be made by certified mail. Ordinary mail service may be utilized if the

certified mail envelope is returned with an endorsement that it was "unclaimed." Civ.R. 4.6(D). Because Ohio requires more by way of service upon non-Ohio residents than Illinois requires upon non-Illinois residents, R.C. 3105.06 does not, as Mr. Johnson contends, serve to entitle Illinois decrees, that issue after publication service only, to full faith and credit.

In this case, "the best possible notice" was service by certified mail. Mr. Johnson obviously knew the address of Mrs. Johnson. He admittedly sent documents to her at her residence. At the time Mr. Johnson filed his divorce action in Illinois, Mrs. Johnson had received a copy of Mr. Johnson's proposed settlement agreement at her residence. Mrs. Johnson averred in an affidavit that after receiving this correspondence, she neither received a summons nor a copy of any pleadings pertaining to the Illinois action.

Based on *Mullane* and *Pasqualone,* service by publication of notice of the Illinois divorce action was insufficient, as a matter of due process, to enable the Illinois court to exercise personal jurisdiction over Mrs. Johnson. Accordingly, the domestic relations court properly concluded that the Illinois court failed to obtain jurisdiction over Mrs. Johnson and properly concluded that the Illinois decree was not entitled to full faith and credit.

The assignment is overruled.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

BROGAN and FAIN, JJ., concur.