OPINION
{¶ 1} This appeal is taken from two final judgments of the Geauga County Court of Common Pleas. Appellants, Thomas and Kathleen Brennan, appeal the trial court's decisions to deny their motion to vacate a default judgment and to deny their motion for relief from the same judgment. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On July 19, 2001, appellees, Patrick and Kathleen Sweeney, filed a complaint naming appellants, Smythe, Cramer Co., and Melody Tewksbury as defendants. In their complaint, appellees alleged that they had purchased a home in Bainbridge, Ohio, from appellants, and that after taking possession they discovered that the property had hidden and latent defects which the defendants knew existed but did not disclose. Based on these allegations, appellees sought both compensatory and punitive damages, reasonable attorney fees, costs, and any other relief the trial court deemed appropriate.
 {¶ 3} When appellants failed to answer, appellees filed a motion for default judgment.[1] The trial court granted appellees' motion on December 14, 2001, and awarded the couple $31,755 plus interest.
 {¶ 4} On January 17, 2002, appellants submitted a motion to vacate the default judgment. In their motion, appellants claimed that the trial court did not have jurisdiction to enter judgment in this case as appellees had failed to properly serve the summons and complaint. Appellants attached to their motion two affidavits in which they maintained that although appellees had sent the complaint by certified and ordinary mail to 51 Ocean Lane, #4206, Hilton Head Island, South Carolina ("51 Ocean Lane"), they had not lived at that address since April 1, 2001. Moreover, appellants insisted that because they were not living at 51 Ocean Lane at that time, they did not receive a copy of the complaint until ten days after the trial court entered judgment in appellees' favor.
 {¶ 5} The trial court conducted a hearing on February 20, 2002. At the hearing, appellees offered into evidence a mortgage loan application signed by appellants on September 14, 2001, in which they indicated that their residence was 51 Ocean Lane. Appellants, who, even though not present at the hearing, were represented by counsel, did not offer any evidence other than their original affidavits. In a judgment entry dated February 21, 2002, the trial court overruled appellants' motion to vacate.
 {¶ 6} Appellants subsequently filed a notice of appeal challenging the trial court's judgment. However, while the appeal was still pending, appellants filed a motion with the trial court asking the court to grant them relief from its December 14, 2001 default judgment entry. As grounds for their motion, appellants argued that they were entitled to relief because their failure to file an answer constituted excusable neglect, that it was no longer equitable for the judgment to have prospective application, and that it was unfair to render a default judgment against them because they, not knowing that appellees had filed a lawsuit, did not have an opportunity to defend against the action.
 {¶ 7} Upon appellants' motion, this court remanded the matter to the trial court so that the court could rule on appellants' request for relief from judgment.[2] In a written judgment entry filed on June 3, 2002, the trial court overruled appellants' motion. In doing so, the court found that appellants' motion for relief from judgment was based on the same claim as their earlier motion to vacate, i.e., failure of service of process. As a result, because "[a]ll of the arguments raised in support of the the [sic] Motion for Relief from Judgment were or could have been raised in the Motion to Vacate Judgment[,]" appellants had "presented nothing new or additional in support of the contention that they were not properly served with summons on the Complaint."
 {¶ 8} From this judgment, appellants filed another notice of appeal with this court that was then consolidated with the couple's appeal of the trial court's earlier decision overruling their motion to vacate. They now submit the following assignments of error for our consideration:
 {¶ 9} "[1.] The trial court committed reversible error by granting default judgment without service of process and the trial court committed reversible error by denying the appellants' motion to vacate judgment[.]
 {¶ 10} "[2.] The trial court committed reversible error by denying appellants' motion for relief from judgment and the trial court committed reversible error by denying appellants' motion for relief from judgment without an oral hearing[.]"
 {¶ 11} In their first assignment of error, appellants argue that the default judgment entered by the trial court is void and must be set aside because they never received proper service of appellees' complaint. Appellants claim that mailing the complaint to 51 Ocean Lane did not constitute valid service of process because they no longer lived at that address when appellees filed the complaint or when the clerk tried to serve them with it.
 {¶ 12} "In Ohio, it is well-established that before a trial court can enter a judgment against a defendant, the court must first have personal jurisdiction over the defendant." Old Meadow Farm Co. v.Petrowski (Mar. 2, 2001), 11th Dist. No. 2000-G-2265, 2001 WL 209066, at 2. Therefore, a default judgment rendered by a court without personal jurisdiction over the defendant is void. Thomas v. Corrigan (1999),135 Ohio App.3d 340, 343.
 {¶ 13} That being said, "[t]he authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus. See, also, Cincinnati School Dist. Bd. ofEdn. v. Hamilton Cty. Bd. of Revision (2000), 87 Ohio St.3d 363, 368. In other words, because a court has the inherent power to vacate a void judgment, a party who claims that the court lacked personal jurisdiction as a result of a deficiency in service of process is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B).State ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, paragraph one of the syllabus; Cincinnati School Dist. Bd. of Edn. at 368; Patton
at paragraph three of the syllabus; Thomas at 343. See, also, Williamsv. Ludlum (Aug. 20, 1999), 11th Dist. No. 98-P-0016, 1999 WL 689752, at 3.
 {¶ 14} For service of process to be valid, the plaintiff must satisfy the requirements set forth in the Ohio Rules of Civil Procedure.Petrowski at 2. In particular to this case, when serving a party located outside the state of Ohio, Civ.R. 4.3(B)(1) provides that "service of any process shall be by certified or express mail unless otherwise permitted by these rules." However, if the envelope is returned with an endorsement showing that the envelope was unclaimed, ordinary mail may be utilized to achieve service of process. Civ.R. 4.6(D). See, also, Johnson v. Johnson
(1993), 86 Ohio App.3d 433, 437-438.
 {¶ 15} "While there is a presumption of proper service in cases where the Civil Rules on service are followed, the presumption is rebuttable by sufficient evidence that service was not received." Thomas
at 344. Courts must consider each case on its own facts to determine whether service of process was reasonably calculated to reach the interested party. Id. Moreover, the "party attempting to avoid jurisdiction has the burden of showing a defect or irregularity in the process." United Ohio Ins. Co. v. Rivera (Dec. 11, 1998), 11th Dist. No. 98-A-0026, 1998 WL 965989, at 3. A determination of whether or not service of process was sufficient in a particular case rests within the sound discretion of the court making the decision and will not be reversed absent a showing that the court abused its discretion. Id. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Id.
 {¶ 16} Having carefully considered the record, this court concludes that the trial court did not abuse its discretion in denying appellants' motion to vacate the default judgment. Sometime in late 1994 or early 1995, appellants purchased the property located at 51 Ocean Lane for investment purposes. Because they remained in Ohio, appellants rented the property to vacationers and hired a professional management company to oversee any repairs, maintenance, and rental arrangements.
 {¶ 17} However, in December 2000, appellants informed the management company that they would be living at 51 Ocean Lane until April 1, 2001. On April 2, 2001, appellants moved into an apartment located at 4 Indigo Run Drive, #3322, Hilton Head Island, South Carolina, until their new home at 6 South Shore Drive, Hilton Head Island, South Carolina, ("6 South Shore Drive") could be completed.[3]
 {¶ 18} According to appellants, they did not return to 51 Ocean Lane from April 2, 2001 until December 23, 2001. During that time, the management company assumed all responsibility for renting the property, maintaining the property, repairing the property, and collecting rent from vacationers using the property.
 {¶ 19} The record shows that a copy of the summons and complaint were sent by certified mail to each appellant at the 51 Ocean Lane address. Both, however, were returned on September 4, 2001, as unclaimed. After the clerk notified appellees that service of process had failed, they filed a written request asking the clerk to serve appellants by ordinary mail at the same address, which the clerk did on September 11, 2001.
 {¶ 20} Appellants do not deny that the second summons and complaint were delivered to 51 Ocean Lane. Rather, appellants claim that they never received either one because they were not living there at that time, and that it was only after the trial court entered a default judgment in appellees' favor that they learned of the lawsuit.
 {¶ 21} As we noted earlier, appellants did not appear at the February 20, 2002 hearing. Instead, appellants' attorney simply submitted the original affidavits attached to their motion to vacate.[4] The affidavits, however, do not conflict with the trial court's decision that service of process was proper in this case.
 {¶ 22} Civ.R. 4.6 provides that "[s]ervice [by ordinary mail] shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Here, the ordinary mail envelope was not returned as undelivered. As a result, "a presumption arises that proper service has been perfected, as long as the ordinary mail was sent to an address where there is a reasonable expectation that it will be delivered to the defendant." Redfoot v.Mikouis (Nov. 29, 1996), 11th Dist. No. 96-T-5398, 1996 WL 761224, at 2.
 {¶ 23} In Redfoot, the plaintiff filed a complaint alleging that the defendant had breached a home improvement contract. After service of process through certified mail was unsuccessful, the plaintiff asked the clerk to serve the defendant by ordinary mail. The defendant, nevertheless, never answered the plaintiff's complaint so the plaintiff requested and received a default judgment. Less than a month later, the defendant filed a motion for relief from judgment in which he argued that he never received a copy of the complaint. After the trial court conducted a hearing, the court denied the defendant's motion.
 {¶ 24} On appeal, the defendant claimed that the trial court abused its discretion because he had testified that he never received proper service of process. In rejecting the defendant's argument, we concluded that the evidence showed that service of process was proper as it was mailed in accordance with the Ohio Rules of Civil Procedure and there was nothing to suggest that the clerk mailed the complaint to the wrong address. Redfoot at 3.
 {¶ 25} The same is true in the case at bar. There is absolutely no evidence in the record that the clerk mailed the complaint and summons to an incorrect address. In fact, appellants admit that it was sent to their rental property in South Carolina. As to this last point, however, appellants claim such service of process was insufficient as they had not lived at that address since April 1, 2001, and were unaware that the clerk sent the complaint there.
 {¶ 26} Even if appellants were unaware that the complaint and summons had been sent to 51 Ocean Lane, under the facts presented here, we cannot say that service of process was improper. As we noted earlier, the trial court had to determine whether there was a reasonable expectation that service would be delivered to appellants. The evidence shows that appellants were living at 51 Ocean Lane during the time the parties negotiated and completed the sale of the Bainbridge home, and there is absolutely nothing to suggest that appellees knew, or should have known, that appellants had moved. Furthermore, during the February 20, 2002 hearing, appellees presented a mortgage application indicating that appellants were using 51 Ocean Lane as their residence of record at least until September 14, 2001. This is important because the summons and complaint originally sent by certified mail was returned on September 4, 2001, as unclaimed, and service by ordinary mail was reissued on September 11, 2001. The record also reveals that the trial court's default judgment was sent to the same address as the summons and complaint, and that appellants received a copy of this judgment within ten days after the trial court entered it. Thus, mail delivered long after appellants' claimed departure from 51 Ocean Lane was promptly received by the couple. Appellants' first assignment of error has no merit.
 {¶ 27} Under their second assignment of error, appellants contend that the trial court abused its discretion when it denied their motion for relief from judgment. They maintain that not only was their failure to file an answer the result of excusable neglect, but that the trial court should have given them a meaningful opportunity to be heard so that the case could be decided on its merits.
 {¶ 28} As we noted earlier, in overruling appellants' motion, the trial court concluded that the couple had raised the same issues offered in their motion to vacate. As a result, the court determined that because appellants had presented no new or additional evidence to support their argument that appellees had never properly served them with a copy of the summons and complaint, they were not entitled to relief.
 {¶ 29} Appellants argue that when they filed their motion to vacate they were challenging the default judgment as a void judgment. However, once the court determined that service of process was proper, the judgment was no longer void but instead constituted a voidable judgment subject to a motion filed pursuant to Civ.R. 60(B). We disagree.
 {¶ 30} Appellants correctly note that there is a difference between a judgment that is void and one that is merely voidable. As we explained in Petrowski, supra:
 {¶ 31} "If a judgment is void, it has no legal effect whatsoever. For example, `a judgment based on a proceeding in which the court lacked jurisdiction over the person * * * or jurisdiction over the subject matter of the action[,]' would be void. Civ.R. 60, 1970 Staff Note. In contrast, a judgment that is tainted with an error of law, making it valid although subject to reversal on appeal, would be voidable."Petrowski at 2, fn. 2.
 {¶ 32} Nevertheless, the fact that there is a difference between the two types of judgments does not mean that the doctrine of res judicata is irrelevant to the situation now before us. In Coulson v.Coulson (1983), 5 Ohio St.3d 12, 17, the Supreme Court of Ohio held that res judicata is applicable when a motion to vacate or for relief from judgment already has been denied and a party brings a similar motion raising issues that could have been asserted in the first motion. See, also, Scholler v. Scholler (1984), 10 Ohio St.3d 98, paragraph three of the syllabus (holding that "[a] point of law or a fact which was actually and directly in issue in the former action, and was there passed upon and determined by a court of competent jurisdiction, may not be drawn in question in a subsequent action between the same parties or their privities. The prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action."); Brick Processors, Inc. v. Culbertson (1981),2 Ohio App.3d 12, paragraph one of the syllabus ("[w]hen a motion to vacate or for relief from judgment has been denied, principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally."). Res judicata, however, will not "bar a subsequent motion for relief from judgment when the subsequent motion is based on different facts, asserts different grounds for relief, and `it is not certain that * * * [the] issue "could have been raised" in the prior motions.'" Coulson at 17.
 {¶ 33} Here, appellants raised no new arguments in support of their motion for relief from judgment. As with their earlier motion, appellants relied on their claim that they were not living at 51 Ocean Lane when appellees attempted service of process. Based on this, appellants maintained that excusable neglect entitled them to relief from default judgment.
 {¶ 34} Even a cursory review of appellants' second motion reveals that the only difference between it and their first motion is the manner in which appellants assert their arguments. Appellants are attempting to relitigate the same facts that were directly in issue in their motion to vacate as both motions were based upon appellees' alleged failure to properly serve appellants with a copy of the summons and the complaint. The act of captioning the motions as different actions is inconsequential. Scholler at 106.
 {¶ 35} As a general proposition, appellants initially had the choice to file either a motion to vacate or a motion for relief from judgment, or both. Once they made their choice and the trial court denied their motion, however, appellants lost the right to subsequently seek relief from the default judgment based on the failure of service of process.
 {¶ 36} With respect to this last point, barring any issue of timeliness, appellants were certainly free to file a motion for relief from judgment based on some other reason provided in Civ.R. 60(B).Coulson at 17. The only caveat was that it could not be related to the service of the summons and complaint, or otherwise have been able to be raised in the first proceeding. Coulson at 17. That being the case, we cannot say that the trial court abused its discretion in denying appellants' motion for relief from judgment as the trial court had already rejected the factual premise underlying the motion.
 {¶ 37} Moreover, the trial court did not err in making its decision without first holding an evidentiary hearing. A court is only required to hold a hearing on a motion brought pursuant to Civ.R. 60(B) if the motion contains allegations of operative facts which would warrant relief. Coulson at 16. See, also, Randolph Twp. Trustees v. Portage Cty.Agricultural Society (Dec. 15, 1995), 11th Dist. No. 94-P-0108, 1995 WL 815507, at 3. Because appellants' motion did not contain any allegations of operative facts entitling them to relief, the trial court did not abuse its discretion in failing to hold an evidentiary hearing. Appellants' second assignment of error has no merit.
 {¶ 38} Pursuant to the foregoing analysis, appellants' two assignments of error are not well-taken. The judgment of the trial court, therefore, is affirmed.
Judgment affirmed.
DIANE V. GRENDELL and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] Smythe, Cramer, the real estate company listing the home, and Tewksbury, the agent representing appellants, filed their combined answer on August 17, 2001.
[2] On May 23, 2002, appellees voluntary dismissed Smythe, Cramer and Tewksbury from the case.
[3] Appellants finally moved into 6 South Shore Drive on November 15, 2001.
[4] Although appellees criticized the content of the affidavits, they did not object to their admission.