ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} James Reginald Patterson appeals from the order of the domestic relations court that denied his post-decree motions to vacate and to correct arrearage. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
 {¶ 2} The parties were granted a dissolution in April 1984, and the court adopted the parties' separation agreement which set forth a division of property, alimony, and support for the parties' two minor children. In relevant part, Patterson was ordered to pay $61.50 per child, per week, plus poundage and alimony of $67 per month.
 {¶ 3} Child support for the children terminated on June 27, 1995. By 1996, Patterson had accrued a support arrearage of $18,656 and the trial court issued an order requiring him to pay $67 per month as current spousal support, and $543.66 toward the arrearages.
 {¶ 4} In June 2004, the Child Support Enforcement Agency ("CSEA") filed a motion to show cause and averred that Patterson was in arrears in the child support payments. The motion was sent to Patterson at an address on Hampshire Road, based upon a postmaster address verification and request obtained by CSEA. The notice was sent by certified mail but it was returned as unclaimed. He was then served via ordinary mail.
 {¶ 5} The trial court issued an order to appear and set forth the date and time of the hearing. The order was sent to Patterson at the Hampshire Road address by certified mail. It was returned as unclaimed. He was then served via ordinary mail.
 {¶ 6} The hearing came on before a magistrate who noted that the certified mail notice was unclaimed and the fact of ordinary mailing was journalized by the court. The magistrate then determined, based upon Stipulations with a Statement of Relief Requested offered by Rita Patterson and counsel for CSEA, that Patterson had "paid $1,340.00 when he should have paid $25,679.19 in current support." The magistrate determined that there is an arrearage of $24,339.19 as of July 31, 2004. Accordingly, the magistrate found Patterson in contempt of court and sentenced Patterson to thirty days in jail, or in the alternative, required him to perform 200 hours of community service. In addition, Patterson could purge the contempt by paying $2,400 within thirty days. On October 1, 2004, the trial court subsequently adopted the magistrate's decision in its entirety.
 {¶ 7} On March 16, 2005, Patterson filed a motion to vacate and motion to correct arrearages. Within this document, Patterson maintained that he was required to comply with two other CSEA support orders and that the combined total of the support orders left him with only $9 per month for living expenses, contrary to R.C. 3121.03. He also averred that he resides at E. 130th Street. Finally, he averred that the arrearages did not reflect payments made to the children by the Veterans Affairs Administration. The trial court denied the motions and Patterson now appeals.
 {¶ 8} Within his sole assignment of error, Patterson asserts that he was not provided with adequate notice prior to the hearing on the motion to show cause and that the court's notice did not contain the information required pursuant to R.C. 2705.031(C) when a contempt action is initiated. He further asserts that the trial court erred in denying his motion to vacate because he presented operative facts warranting relief from judgment and that the court erred in failing to hold a hearing on his motion to correct arrearages.
 {¶ 9} We begin by noting that the information contained in the Order to appear contains in substance all the information required under R.C.2705.031, including notice that failure to appear may result in the issuance of an order of arrest or a withholding order, notice that the accused has a right to counsel, notice that the court may refuse to grant a continuance, and notice of the potential penalties. Accordingly, Patterson's assignment of error is not well-taken insofar as this claim is concerned.
 {¶ 10} We further note that the authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts. Patton v. Diemer (1988), 35 Ohio St.3d 68,518 N.E.2d 941, paragraph four of the syllabus. See, also, CincinnatiSchool Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision,87 Ohio St.3d 363, 368, 2000-Ohio-452, 721 N.E.2d 40. Thus, because a court has the inherent power to vacate a void judgment, a party who claims that the court lacked personal jurisdiction as a result of a deficiency in service of process is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B). State ex rel.Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, 553 N.E.2d 650, paragraph one of the syllabus; Cincinnati School Dist. Bd. of Edn., supra, at 368;Patton v. Diemer, supra, at paragraph three of the syllabus.
 {¶ 11} Further, a judgment rendered by a court without personal jurisdiction over the defendant is void. Thomas v. Corrigan (1999),135 Ohio App.3d 340, 343, 733 N.E.2d 1213.
 {¶ 12} For a court to acquire jurisdiction over a party, there must be proper service of a summons and complaint or, on the other hand, the party must have entered an appearance, affirmatively waived service, or otherwise voluntarily submitted to the court's jurisdiction. Maryhew v.Yova (1984), 11 Ohio St.3d 154, 156-157, 464 N.E.2d 538; see, also, Stateex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, 183,553 N.E.2d 650.
 {¶ 13} In order for service of process to be valid, the plaintiff must satisfy the requirements set forth in the Ohio Rules of Civil Procedure. If certified mail service is returned with an endorsement showing that the envelope was unclaimed, ordinary mail may be utilized to achieve service of process. Civ.R. 4.6(D). See, also, Johnson v. Johnson (1993),86 Ohio App.3d 433, 437-438, 621 N.E.2d 530.
 {¶ 14} Similarly, when ordinary mail service is not returned indicating failure of delivery, there is a rebuttable presumption of proper service. Future Communications Inc. v. Hightower (Aug. 26, 1997), Franklin App. No. 97 APE01-27, citing Cantrell v. Celotex Corp. (1995),105 Ohio App.3d 90, 663 N.E.2d 708. However, this presumption is rebuttable by sufficient evidence. Rafalski v. Oates, 17 Ohio App.3d 65,66, 477 N.E.2d 1212, citing Grant v. Ivy (1980), 69 Ohio App.2d 40,429 N.E.2d 1188. Moreover, to be valid, the ordinary mail service following an unsuccessful attempt at certified mail service must have been sent to the address of the defendant or at least to an address where there is a reasonable expectation that it will be delivered to the defendant. Grant v. Ivy, supra.
 {¶ 15} Finally, the "party attempting to avoid jurisdiction has the burden of showing a defect or irregularity in the process." United OhioIns. Co. v. Rivera (Dec. 11, 1998), Ashtabula App. No. 98-A-0026. A trial court is not required to give preclusive effect to a movant's sworn statement that he did not receive service of process when the record contains no other indication that service was ineffectual. TCC Mgmt. v.Clapp, Franklin App. No. 05AP-42, 2005-Ohio-4357, citing Oxley v. Zacks
(Sept. 29, 2000), Franklin App. No. 00AP-247. However, such a sworn statement at least warrants the trial court conducting a hearing to determine the validity of the movant's statement. Nationwide Ins. Co. v.Mahn (1987), 36 Ohio App.3d 251, 522 N.E.2d 1096; Wilson's Auto Serv.,Inc. v. O'Brien (Mar. 4, 1993), Franklin App. No. 92AP-1406. Thus, a trial court errs in summarily overruling a defendant's motion to set aside a judgment for lack of service, when the defendant submits a sworn statement that she did not receive service of process, without affording the defendant a hearing. Id.
 {¶ 16} As to the amount set forth in the court's order, we note that 3121.033 sets forth the Aggregate amount withheld or deducted and provides in relevant part as follows:
 {¶ 17} "* * * [T]he court or agency to the extent possible shall issue a sufficient number of the notices or orders to provide that the aggregate amount withheld or deducted under those notices or orders satisfies the amount ordered for support in the support order plus any arrearages owed by the obligor under any prior support order that pertained to the same child or spouse, * * * However, in no case shall the aggregate amount withheld pursuant to a withholding notice described in section 3121.03 of the Revised Code and any fees withheld pursuant to the notice as a charge for services exceed the maximum amount permitted under section 303(b) of the "Consumer Credit Protection Act," 15 U.S.C. 1673(b).
 {¶ 18} The Consumer Credit Protection Act in turn provides in relevant part:
 {¶ 19} "(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed —
 {¶ 20} "(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and
 {¶ 21} "(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week[.]"
 {¶ 22} Accord Traxler v. Traxler, Williams Appeals No. WM-03-015, 2004-Ohio-1644.
 {¶ 23} In this instance, the contention that Patterson resides at a different address is unrebutted. Under the circumstances of this matter, we conclude that there is sufficient evidence to at least warrant a hearing as to whether the presumption of valid service has been rebutted.
 {¶ 24} Moreover, Patterson's averments concerning his income would suggest that he has been ordered to pay a combined amount which exceeds 60 per cent statutory limitation. A hearing is therefore warranted to determine the combined total of all withholding orders in relation to the statutory limitations.
 {¶ 25} In accordance with all of the foregoing, we reverse the order of the domestic relations court entered in connection with this matter and remand for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and *Sweeney, J., concur.
*Sitting by Assignment: Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.