OPINION *Page 2 
¶{1} Defendant-appellant David Barrett appeals the decision of the Youngstown Municipal Court denying his motion to vacate default judgment entered against him and his motion for a continuance of the hearing on the motion to vacate. Three issues are raised in this appeal. First is whether the trial court abused its discretion when it denied the motion to vacate that was based on lack of service and supported by an affidavit claiming that Barrett had not received a copy of the complaint and summons by ordinary mail. The second issue is whether the trial court abused its discretion when it denied Barrett's motion for continuance of the motion to vacate hearing. The third issue is whether the trial court, prior to entering default judgment, was required to hold a hearing to determine actual damages. We find no merit with any of these issues and thus, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE ¶{2} In September 2007, plaintiff-appellee Nationwide Mutual Fire Insurance Company (Nationwide) filed a complaint for subrogation against Barrett. It asserted that its insured, Margaret DeCato, sustained $9,984.44 worth of damages to her vehicle that was caused by Barrett's unauthorized use of the vehicle.
¶{3} Service of the complaint and summons was attempted by certified mail to "David E Barrett 348 Erskine Drive Youngstown, OH 44512". However, it was returned unclaimed and he was then served via ordinary mail at the same address.
¶{4} Approximately two and half months after ordinary mail service was sent, Nationwide filed a motion for default judgment because Barrett failed to plead or otherwise defend in the above filed action. The trial court granted default judgment the following day. 06/15/07 J.E.
¶{5} Roughly two months after the default judgment was rendered, Barrett filed a motion to vacate the default judgment. He asserted that he had not received the complaint or summons, he had just recently became aware of the judgment against him, and he had a meritorious defense. The motion was supported by an affidavit from Barrett avowing that he had not been served and that service was attempted at the Erskine Drive address at which he did not live at that time. Affidavit of Barrett paragraph two. *Page 3 
 ¶{6} The trial court set the issue for a hearing before the magistrate to determine whether or not Barrett was properly served. 08/29/07 J.E. On the day of the hearing, Barrett filed a motion for continuance because he was not going to be able to attend the hearing. 09/20/07 Motion. The trial court did not rule on the motion. On January 31, 2008, because the hearing had not been reset, Barrett, by motion, requested that a hearing date be set; the magistrate set the motion hearing for March 11, 2008. 02/07/08 J.E. However, prior to the hearing, the trial court ruled that "the motion to continue is denied and Plaintiffs motion for default judgment is granted, Def. had legal notice and/or constructive notice." 02/11/08 J.E. That ruling effectively denied the motion to vacate default judgment.
¶{7} Despite that judgment, a hearing was held before the magistrate on March 11, 2008. 03/17/08 J.E. Immediately prior to that hearing, Nationwide filed a motion requesting that the hearing be canceled and asserted that it was not opposed to the trial court vacating the default judgment. 03/11/08 Motion. After the hearing, the magistrate issued a judgment holding that its hearing was moot due to the trial court's February 11, 2008 order. 03/17/08 J.E. The trial court adopted that decision. 03/19/08 J.E. There is no record on the docket that copies of that order were sent to the parties.
¶{8} In May 2008, Barrett filed a motion for reconsideration. The trial court denied the motion. 05/13/08 J.E. Thereafter, Barrett filed a notice of appeal. We determined that the notice of appeal was timely because the docket record failed to show notice of the trial court's March 18, 2008 decision was sent to the parties.
 FIRST ASSIGNMENT OF ERROR ¶{9} "THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION TO VACATE DEFAULT JUDGMENT."
¶{10} Barrett argues that the trial court abused its discretion in denying his motion to vacate the default judgment because he was not properly served with the complaint and summons. We review a trial court's decision to grant or deny a motion to vacate for an abuse of discretion. Kaufman Cumberland v. Jalisi, 8th Dist. No. 80389, 2002-Ohio-4087. An abuse of discretion is more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. *Page 4 
 ¶{11} Barrett's argument concentrates on the fact that he never received service because it was not sent to his correct address. The general principle of law is that for a court to acquire personal jurisdiction over a party there must be proper service of a summons and complaint, or the party must have entered an appearance, affirmatively waived service, or otherwise voluntarily submitted to the court's jurisdiction. Patterson v. Patterson, 8th Dist. No. 86282,2005-Ohio-5352, ¶ 12, citing Maryhew v. Yova (1984), 11 Ohio St.3d 154,156-157. A default judgment rendered by a court without personal jurisdiction over the defendant is void and the party is entitled to vacation. State ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, syllabus. Trial courts have inherent authority to vacate a void judgment; thus a party who asserts a lack of jurisdiction by improper service does not need to meet the requirements of Civ. R. 60(B).Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus. All that the party must show is that service was improper.
¶{12} In order for service to be proper, the plaintiff must satisfy the requirements set forth in the Ohio Civil Rules of Procedure. Nationwide did this. It first instructed the Clerk of the Municipal Court to attempt service through certified mail in accordance with Civ. R. 4.1(A). However, service was returned unclaimed. Nationwide then instructed the Clerk of the Municipal Court to serve Barrett by regular mail in accordance with Civ. R. 4.6(D). This rule specifically states that if ordinary mail is not returned, it is deemed served. In this case, the service by ordinary mail was not returned. Thus, there was a rebuttable presumption of proper service. Patterson, 8th Dist. No. 86282, 2005-Ohio-5352, ¶ 14.
¶{13} However, that rebuttable presumption could be overcome by sufficient evidence. Id.; Miller v. Booth, 5th Dist. No. 06-CA-10,2006-Ohio-5679, ¶ 20. Appellate courts have indicated that an unchallenged affidavit, even a self-serving one, averring that the party did not receive service is sufficient to overcome the presumption of service. Miller, 5th Dist. No. 06-CA-10, 2006-Ohio-5679, ¶ 35;Deaton v. Brookover, 8th Dist. No. 83416, 2004-Ohio-4630, ¶ 8. However, these courts have held that where the affidavit is self-serving, the trial court must hold a hearing to determine whether the party asserting that he was not properly served was truthful in that allegation; failure to hold the hearing amounts to error. Miller, 5th Dist. 06-CA-10,2006-Ohio-5679, ¶ 35-36 (stating "[w]hile the affidavits may be self-serving, without a hearing, the trial court could not appropriately assess the appellant's credibility or the persuasiveness of *Page 5 
appellant's evidence and could not determine whether appellant was truthful in alleging that he did not receive proper service of process."); Patterson, 8th Dist. No. 86282, 2005-Ohio-5352, ¶ 15.
¶{14} Here, attached to the motion to vacate default judgment, was an affidavit from Barrett avowing that he had not received proper service and that he did not live at the Erskine Drive address. Given the above case law, this was all that was required to overcome the presumption and mandate a hearing. The believability of his assertion could be decided by the trial court at the hearing.
¶{15} That said, as the statement of the case shows, the motion to vacate default judgment was set for a hearing. Thereafter, Barrett filed a motion for continuance of that hearing on the day the hearing was scheduled to occur. The trial court later denied that continuance and granted default judgment to Nationwide, which effectively denied the motion to vacate. Thus, those facts show that this is not the situation where the trial court ruled on the motion to vacate without setting a hearing, as was with the cases cited above.
¶{16} The trial court complied with its obligation to set the matter for a hearing. Therefore, we cannot find that the trial court committed any reversible error in failing to hold a hearing. Once Barrett requested a motion for continuance of the hearing, the determination of whether the motion to vacate required a hearing or if it should have been granted are not the central issues anymore, rather, it is whether the trial court abused its discretion in granting the motion to continue. That issue will be addressed in the next assignment of error.
 SECOND ASSIGNMENT OF ERROR ¶{17} "THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION FOR CONTINUANCE AS DEFENDANT WAS UNABLE TO APPEAR AT HEARING SET ON DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT."
¶{18} The trial court's decision to grant or deny a continuance is within its sound discretion and will not be reversed on appeal absent an abuse of that discretion. State v. Unger (1981), 67 Ohio St.2d 65, 67. As stated above, a trial court abuses its discretion when it acts unreasonably, arbitrary or unconscionably. Blakemore,5 Ohio St.3d at 219. The circumstances of each case must be considered when determining *Page 6 
whether a trial court abused its discretion in denying the motion for continuance. Ungar v. Sarafite (1964), 376 U.S. 575, 589.
¶{19} The Ohio Supreme Court has set forth some factors for the trial court to consider when determining whether to grant a continuance.Unger, 67 Ohio St.2d at 67-68. They are: the length of the delay requested; whether previous continuances have been granted; the inconvenience to the parties, witnesses, attorneys, and the court; whether the request is reasonable or purposeful and contrived to merely delay the proceedings; and whether the movant contributed to the circumstances giving rise to the request. Id.
¶{20} Considering those factors and the facts of this case, we cannot find that the trial court abused its discretion in failing to grant the continuance. While this was Barrett's first request for a continuance, it was filed on the day of hearing. Furthermore, no explanation was provided as to why a continuance was needed; a motion filed that close to the hearing should state the reason the continuance was being requested. Thus, it is difficult for this court to conclude, given the facts, that the trial court abused its discretion in denying a twelfth hour motion for continuance that provided no reason as to why the continuance was being requested. Therefore, we find no merit with this assignment of error.
 THIRD ASSIGNMENT OF ERROR ¶{21} "THE TRIAL COURT ERRED BY FAILING TO GRANT DEFENDANT A HEARING TO DETERMINE ACTUAL DAMAGES."
¶{22} Barrett asserts that prior to the trial court ruling on the motion for default judgment, it was required to hold a hearing to determine damages. He cites Civ. R. 55, the rule on default judgment, to support this argument.
¶{23} The trial court has discretion to decide whether to hold a hearing regarding damages pursuant to Civ. R. 55(A). PalisadesCollections, L.L.C. v. Grieshop, 3d Dist. No. 2-07-13, 2007-Ohio-5766, ¶ 16.
¶{24} We find Barrett's argument to be unpersuasive and hold that the trial court did not abuse its discretion by not holding a hearing. Civ. R. 55(A), in pertinent part, states:
¶{25} "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any *Page 7 
other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
¶{26} Civ. R. 55(A) clearly indicates that a court may conduct a hearing when it deems that it is necessary. A hearing is permissive, not mandatory. Furthermore, as the Third Appellate District explained inPalisades Collections, proof of damages is required before a default judgment may be granted, however, when the complaint and the motion for default judgment clearly set forth the amount of damages and shows that it is ascertainable, the trial court does not abuse its discretion in relying on the amount asserted therein. Id. ¶ 16-18, citing BuckeyeSupply Co. v. Northeast Drilling Co. (1985), 24 Ohio App.3d 134, 136. Therefore, in the instant case where the damages were clearly set forth in the complaint and the motion for default judgment and were ascertainable, the trial court did not abuse its discretion when it did not hold a hearing prior to granting default judgment and awarding the damages sought in the complaint. This assignment of error lacks merit.
 CONCLUSION ¶{27} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs. *Page 1