[Cite as *Whittle v. Davis*, 2013-Ohio-1950.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| ANTONIO WHITTLE, JR., | : | CASE NO. CA2012-08-169 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>5/13/2013 |
| - vs - | : | |
| | : | |
| DANIELLE DAVIS, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-11-3900

Ronald L. Burdge, 2299 Miamisburg-Centerville Road, Centerville, Ohio 45459, for plaintiff-appellee

Richard L. Hurchanik, 110 North Third Street, Hamilton, Ohio 45011, for defendants-appellants

**S. POWELL, J.**

{¶ 1} Defendants-appellants, Danielle Davis, Mohammed T. Al Barbarawi, Falcon Automobile Sales, Inc., and Falcon Auto Sales, Inc. (collectively, "Falcon Auto Sales"), appeal a decision of the Butler County Common Pleas Court awarding damages in the amount of $20,999.60 to plaintiff-appellee, Antonio Whittle, Jr., upon a finding of default judgment.

{¶ 2} On November 3, 2011, Whittle filed a complaint against Falcon Auto Sales alleging several violations of the Ohio Consumer Sales Practices Act, R.C. 1345.01, et seq. ("CSPA"), and violations of the Ohio Motor Vehicle Sales Rule, Ohio Admin.Code 109:4-3-16, et seq., regarding the sale of a 2003 BMW 325 motor vehicle (the "BMW") from Falcon Auto Sales.

{¶ 3} According to the complaint, in July 2011, Whittle entered into a consumer transaction and financing agreement with Falcon Auto Sales for the purchase of the BMW. Falcon Auto Sales represented to Whittle that financing for the transaction had been approved and that he could pay off the balance owed on the BMW over a period of time. However, according to the complaint, Whittle later learned that financing had never been approved for the transaction.

{¶ 4} Also as part of the transaction, Falcon Auto Sales agreed to accept Whittle's 2005 Lexus IS300 motor vehicle (the "Lexus") as a trade-in, giving Whittle a trade-in allowance of $2,000 towards the purchase of the BMW. Falcon Auto Sales also agreed to pay off the balance owed on the loan for the Lexus totaling $8,000. Importantly, Whittle never attached a copy of the sales contract or financing agreement to the complaint, stating that Falcon Auto Sales "ha[d] a copy" or "ha[d] access to a copy" and that one could be "provided upon request."

{¶ 5} The complaint further stated that Barbarawi represented to Whittle that the BMW was in good mechanical condition and free from malfunctions and defects when, in reality, the BMW was defective and unfit to drive. Specifically, the complaint alleged the BMW had brakes that were "not effective in stopping the vehicle," one of the BMW's windows "fell off track," and noises "emanated from under the vehicle."

{¶ 6} On August 4, 2011, Whittle returned the BMW to Falcon Auto Sales due to its defective condition and the lack of financing. Falcon Auto Sales accepted the return of the

vehicle but refused to give Whittle back his $2,000 trade-in value or return the Lexus, claiming the Lexus had already been sold. According to the complaint, however, Whittle discovered the Lexus was not sold until October 2011 for a purchase price of $12,872, which was $2,872 more than what Falcon Auto Sales had paid Whittle for the Lexus.

{¶ 7} Whittle's complaint further stated that he was forced to go without a vehicle for almost five months and had to borrow his mother's vehicle when it was available. This caused him "significant stress and frustration" due to worrying about how he was going to get to work and other places. As such, Whittle sought "not more than $25,000 [in] actual damages or $200 [in] statutory damages or three times actual damages, whichever is greater" for one violation of the CSPA and an additional damage award of "not more than $25,000 [in] actual damages or $200 [in] statutory damages or three times actual damages, whichever is greater" for "violation of the Motor Vehicle Sales Rule and the [CSPA]."

{¶ 8} Falcon Auto Sales failed to timely respond to the complaint and default judgment on the issue of liability was entered against them on August 2, 2012. Also on August 2, 2012, and based upon the affidavits of Whittle and his attorney attached to Whittle's motion for default judgment (the "affidavits"), the trial court awarded Whittle the amount of $20,999.60 plus court costs and interest due to Falcon Auto Sales' unfair and deceptive breach of contract in violation of the CSPA. The damages award was broken down as follows: (1) $2,000 as a result of Falcon Auto Sales' breach of contract, trebled pursuant to R.C. 1345.09(B) for a total of $6,000; (2) $2,872, the difference between Whittle's trade-in allowance and the market value of the Lexus, due to Falcon Auto Sales' violation R.C. 1345.03(B)(6); (3) $5,000 in noneconomic damages for Whittle's stress and frustration pursuant to R.C. 1345.09(B); (4) five awards of $200 each for various "additional" CSPA violations totaling $1,000; and (5) $6,127.60 in attorney's fees and court costs.

{¶ 9} From the trial court's final judgment entry, Falcon Auto Sales appeals, raising

four assignments of error.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE [TRIAL] COURT ABUSED ITS DISCRETION WHEN IT PROCEEDED TO ISSUE A JUDGMENT WITHOUT A DAMAGE HEARING BASED UPON A BREACH OF CONTRACT AND [WHITTLE] ALLEGED A WRITTEN CONTRACT EXISTED AND [WHITTLE]'S REASON FOR THE NOT (sic) ATTACHING THE CONTRACT TO THE COMPLAINT WAS "[FALCON AUTO SALES] HAD A COPY" SO THAT THE [TRIAL] COURT DID NOT EVER HAVE A COPY OF THE CONTRACT TO REVIEW.

{¶ 12} In its first assignment of error, Falcon Auto Sales argues the trial court erred by awarding damages to Whittle where the trial court was unable to review the contract at issue and failed to hold a damages hearing pursuant to Civ.R. 55(A).

{¶ 13} "It is well established that even though a party defaults and admits the allegations of the complaint or stipulates to liability, a plaintiff must still prove his or her damages." *Henry v. Richardson*, 193 Ohio App.3d 375, 2011-Ohio-2098, ¶ 8 (12th Dist.), citing *McIntosh v. Willis*, 12th Dist. No. CA2004-03-076, 2005-Ohio-1925. Civ.R. 55(A) provides, in pertinent part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper * * *.

Thus, Civ.R. 55(A) "'clearly indicates that a court **may** conduct a hearing when it deems that it is necessary. A hearing is permissive, not mandatory.'" (Emphasis sic.) *Am. Communications of Ohio, Inc. v. Hussein*, 10th Dist. No. 11AP-352, 2011-Ohio-6766, ¶ 15, quoting *Nationwide Mut. Fire Ins. Co. v. Barrett*, 7th Dist. No. 08 MA 130, 2008-Ohio-6588, ¶ 26. Due to the discretionary nature of the trial court's authority to hold a hearing on

- 4 -

damages, we review the trial court's decision under the abuse of discretion standard of review. *Id.* An abuse of discretion is more than an error of judgment; it means the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 14} "'[W]hen the complaint and the motion for default judgment clearly set forth the amount of [liquidated] damages,' and reveal the amount to be ascertainable, 'the trial court does not abuse its discretion in relying on the amount asserted' in the complaint." *Hussein* at ¶ 16, quoting *Barrett* at ¶ 26. "If, by contrast, 'the determination of damages necessarily requires consideration of information outside a written instrument, the trial court abuses its discretion in failing to hold an evidentiary hearing to determine the exact amount of damages.'" *Id.*, quoting *L.S. Industries v. Coe*, 9th Dist. No. Civ.A 22603, 2005-Ohio-6736, ¶ 20, appeal not allowed, 109 Ohio St.3d 1457, 2006-Ohio-2226.

{¶ 15} "Liquidated damages" are defined as "[a]n amount contractually stipulated as a reasonable estimation of actual damages to be recovered by one party if the other party breaches." *Coe* at ¶ 22, citing Black's Law Dictionary (7 Ed.1999) 395. "'A liquidated claim is one that can be determined with exactness from the agreement between the parties or by arithmetical process or by the application of definite rules of law.'" *Id.*, quoting *Huo Chin Yin v. Amino Prods. Co.*, 141 Ohio St. 21, 29 (1943).

{¶ 16} Here, the trial court did not hold a damages hearing, even though the written instrument upon which the damages award was based was not attached to the complaint in compliance with Civ.R. 10(D). Civ.R. 10(D) provides that "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading."

{¶ 17} Whittle claims in the complaint that the reason he did not attach the contract

was because Falcon Auto Sales "has a copy" or has "access to a copy" of the contract and that Whittle would "provide a copy" of the contract upon request. However, this reason for omission does not satisfy the requirements of Civ.R. 10(D) and fails to provide the trial court with a copy of the contract. *Point Rental Co. v. Posani*, 52 Ohio App.2d 183, 185 (10th Dist.1976) (holding that a plaintiff's "statement of belief that the defendant has a copy" of the written instrument is "an insufficient reason" for the failure to attach the written instrument to the complaint). It should be noted that the failure of Whittle to properly attach a copy of the contract to the complaint pursuant to Civ.R. 10(D) does not bar a grant of default judgment as to liability, as the remedy for a Civ.R. 10(D) violation is to file a motion for more definite statement pursuant to Civ.R. 12(E). *See Denlinger, Rosenthal & Greenberg, LPA v. Cohen*, 12th Dist. No. CA2012-03-019, 2012-Ohio-4774, ¶ 14, fn. 2; *Hudson & Keyse, LLC v. Carson*, 10th Dist. No. 07AP-936, 2008-Ohio-2570, ¶ 10; *Campbell v. Aepli*, 5th Dist. Nos. CT06-0069, CT06-0063, 2007-Ohio-3688, ¶ 43.

{¶ 18} Nevertheless, in addressing the issue of damages upon a finding of default judgment, the trial court was without the written instrument necessarily required to determine the amount of liquidated and non-liquidated damages owed to Whittle. Instead, the trial court relied solely upon the complaint and the affidavits of Whittle and his trial counsel. The complaint and affidavits allege that Whittle suffered actual damages in the amount of $2,000 for Falcon Auto Sales' breach of contract and failure to return the Lexus or reimburse Whittle his trade-in value, as well as $2,872 for Falcon Auto Sales' misrepresentation that the Lexus had already been sold when it had not been sold. The complaint and affidavits also allege that Falcon Auto Sales' breach of contract was an unfair and deceptive act in violation of the CSPA. The affidavit of Whittle's trial counsel provides that Whittle spent $522.10 on court costs and $5,605.50 on attorneys' fees. Whittle's own affidavit asserts that he suffered "a significant amount of frustration and stress" for five months when he was without a vehicle

and was required to rely upon his mother for rides to work and other places. Yet, Whittle's affidavit is uninformative as to the distance between Whittle's home and his mother's, how often he was forced to use his mother's vehicle, and how often he was without a vehicle altogether. Finally, the complaint concludes that Whittle seeks "no more than $25,000 [in] actual damages or $200 [in] statutory damages or three times actual damages, whichever is greater" for two CSPA violations and for a violation of the Ohio Motor Vehicle Sales Rule.

{¶ 19} Without being able to review the written instrument upon which Whittle's claims are based, the trial court abused its discretion in awarding damages without holding a hearing pursuant to Civ.R. 55(A). *See Hussein*, 2011-Ohio-6766 at ¶ 17 (finding the trial court abused its discretion in granting default judgment without a damages hearing where the plaintiff attached an incomplete copy of the contract to the complaint); *Coe* at ¶ 23 (holding the trial court abused its discretion in not holding a damages hearing where the plain language of the complaint and the absence of any note, account, or other contract appended to the complaint failed to provide that the damages at issue were not liquidated). Without the contract, it is unclear what economic damages are liquidated and what are not. However, at the very least, it is clear that Whittle's claim for noneconomic damages due to frustration and stress are non-liquidated damages, as they cannot be ascertained through the contract or through a definite rule of law. We note that R.C. 1345.09(B) only provides that "an amount not exceeding" $5,000 may be awarded for noneconomic damages, not that $5,000 *must* be awarded.

{¶ 20} Where, as here, the damages claim is based upon damages which are not liquidated, or only partially liquidated, it is reversible error for the trial court to enter a default judgment without holding a hearing on the damages issue. *Hull v. Clem D's Auto Sales*, 2d Dist. No. 2011 CA 6, 2012-Ohio-629, ¶ 7, citing *Mid-American Acceptance Co. v. Reedy*, 11th Dist. Lake No. 89-L-14-072, 1990 WL 94816, *2 (June 29, 1990); *see also, e.g.,*

*Qualchoice, Inc. v. Brennan*, 11th Dist. Lake No.2008-L-143, 2009-Ohio-2533, ¶ 21; *W2 Properties, LLC v. Haboush*, 1st Dist. No. C-100698, 2011-Ohio-4231, ¶ 29. In this case, given the nature of the damages sought, coupled with the absence of the written contract, the trial court should have held a hearing to determine an appropriate damages award. Thus, Falcon Auto Sales' first assignment of error is well-taken and sustained.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE [TRIAL] COURT ERRED IN AWARDING DAMAGES AS A DEFAULT JUDGMENT WITHOUT HAVING A DAMAGE HEARING AND WITHOUT HAVING A COPY OF THE WRITTEN CONTRACT AND THE ENTRY INCLUDES AMOUNTS AND CLAIMS NOT IN THE COMPLAINT NOR AFFIDAVIT AND THE ATTORNEY AFFIDAVIT WAS NOTARIZED BY AN ATTORNEY WHO SEEKS ATTORNEY FEES.

{¶ 23} Assignment of Error No. 3:

{¶ 24} THE [TRIAL] COURT ERRED WHEN IT FOUND A BREACH OF CONTRACT SO SERIOUS THAT IT WAS UNFAIR AND DECEPTIVE, TO VIOLATE *EARNEST V. CROWN CHEVROLET, INC.*, WITHIN (sic) ANY EVIDENCE OF THE OFFENDING BREACH.

{¶ 25} Assignment of Error No. 4:

{¶ 26} THE [TRIAL] COURT ERRED WHEN IT AWARDED A COMPLEX FINAL ENTRY WITHOUT A DAMAGE HEARING NEEDED TO "MAKE AN INVESTIGATION OF ANY OTHER MATTER" OR "TO ESTABLISH THE TRUTH OF ANY AVERMENT."

{¶ 27} Having sustained Falcon Auto Sales' first assignment of error, the remaining assignments of error are rendered moot.

{¶ 28} Judgment reversed and cause remanded for further proceedings consistent with this opinion.

HENDRICKSON, P.J. and RINGLAND, J., concur.