OPINION
{¶ 1} Defendant-appellant Philip E. Anderson appeals the August 11, 2004 Judgment Entry of the Holmes County Court of Common Pleas, denying his motion for relief from judgment in favor of plaintiff-appellee Viola Sue Anderson n.k.a. Allison.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On March 11, 2004, appellee filed a motion for contempt and lump sum judgment due to appellant's failure to pay certain debts as required by prior orders of the trial court. The trial court notified the parties it would consider the motion on April 29, 2004, at a case management conference.
 {¶ 3} Appellant replied to appellee's motion on March 23, 2004, and moved the court to dismiss the motion.
 {¶ 4} Appellant failed to appear at the April 29, 2004 case management conference. At the conference, appellee withdrew her motion for contempt, and moved the court for default judgment. On May 13, 2004, via Judgment Entry, the trial court granted the motion for default judgment.
 {¶ 5} On May 17, 2004, appellant filed a Civil Rule 60(B) motion for relief from judgment, alleging he entered the wrong date for the case management conference on his calendar.
 {¶ 6} On August 11, 2004, via Judgment Entry, the trial court denied appellant's motion for relief from judgment.
 {¶ 7} Appellant now appeals, assigning as error:
 {¶ 8} "I. The trial court violated civil rule 55, civil rule 60 and abused its discretion by denying appellant's motion for relief from judgment."
 I {¶ 9} The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 10} Appellant cites GTE Automatic Elec., Inc. v. Arc Industries,Inc. (1976), 47 Ohio St.2d 146, in which the Ohio Supreme Court held, ". . . to prevail on a Civ. R. 60(B) motion, the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ. R. 60(B)(1), (2), (3), not more than one year after the judgment."
 {¶ 11} Initially, appellant argues the trial court failed to afford him seven days notice prior to the hearing on the application for default judgment pursuant to Civ. R. 55. However, we find appellant's argument untimely; an attempt to collaterally attack the trial court's original entry of default judgment entered May 17, 2004.
 {¶ 12} Second, appellant asserts he has a meritorious defense as the amounts awarded in the entry of default judgment were discharged in Bankruptcy in 1999, and the debts were not included in the divorce action. He notes his 60(B) motion was filed three days after the date of judgment.
 {¶ 13} Appellant does not delineate under which section of Rule 60(B) he petitions relief. Therefore, whereas it appears section (1) specifically applies, we will not address whether appellant would be entitled to relief under section (5), the "catch-all" provision. See,Lewis v. Blair (Apr. 10, 1996), Summit App. No. 17429. Civ. R. 60(B)(5) only applies when one of the specific provisions enumerated in Civ. R. 60(B)(1) through (4) does not apply. See, Strack v. Pelton (1994),70 Ohio St.3d 172, 174. Appellant maintains there was evidence of excusable neglect before the trial court, and his conduct did not demonstrate a complete disregard for the judicial system and the rights of the plaintiff.
 {¶ 14} Again, the judgment of the trial court will not be disturbed absent a showing of abuse of discretion. The trial court found:
 {¶ 15} "Civ. R. 60(B) provides that a final order or judgment may be set aside by the Court in the event of mistake, inadvertent surprise, or excusable neglect. In this case, defendant has requested relief from judgment for reason that he neglected to appear, having apparently put the wrong date on his calendar. Defendant has represented himself in extensive litigation in this case, generally appearing pro se.
{¶ 16} "The Court finds that defendant's neglect of appearance is not excusable and that the default judgment rendered against him was appropriate. Wherefore, defendant's Motion for Relief from Judgment is not well taken."
 {¶ 17} Upon review, we find the trial court's denial of appellant's motion for relief from judgment is not unreasonable, arbitrary or unconscionable. Accordingly, the trial court did not abuse its discretion.
 {¶ 18} Appellant's sole assignment of error is overruled.
 {¶ 19} The August 11, 2004 Judgment Entry of the Holmes County Court of
Hoffman, J., Boggins, P.J. and Gwin, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the August 11, 2004 Judgment Entry of the Holmes County Court of Common Pleas is affirmed. Costs assessed to appellant.