OPINION
{¶ 1} Defendant-appellant Jayme Booth appeals from the January 11, 2006, Journal Entry of the Fairfield County Municipal Court overruling his Motion to Set Aside Default Judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 17, 2004, appellees Kevin Miller and Grange Mutual Casualty Company filed a complaint for damages against appellant Jayme Booth in the Fairfield County Municipal Court. Appellees, in their complaint, alleged that appellant had negligently operated a motor vehicle, causing a collision between the vehicle he was operating and an ATV (All Terrain Vehicle) owned by appellee Miller and insured under an insurance policy issued by appellee Grange Mutual Casualty Company. Such policy was subject to a $500.00 deductible. Appellees further alleged that, as a result of the collision, the ATV sustained damages in the amount of $3,041.60 and that, pursuant to appellee Miller's policy of insurance, appellee Grange Mutual Casualty Company "was required to and did pay to and/or on behalf of its Insured the sum of $2,541.60 under the Collision coverage provision and is thereby subrogated in that amount." While appellee Miller, in the complaint, demanded judgment against appellant in the amount of $500.00, appellee Grange Mutual Casualty demanded judgment in the amount of $2,541.60.
 {¶ 3} The record indicates that service of the complaint by certified mail to appellant at RR #1, Box 207, Bremen, Ohio was returned unclaimed. On or about September 23, 2004, a copy of the complaint was sent by ordinary mail to such address. The ordinary mail was not returned.
 {¶ 4} Subsequently, on January 3, 2005, appellees filed a Motion for Default Judgment against appellant. Attached to appellees' motion were documents showing the repairs made to a 2003 Cadillac Deville. Pursuant to a Judgment Entry filed on January 6, 2005, the trial court granted appellees' motion and granted judgment in favor of appellee Grange Mutual Casualty Company and against appellant in the amount of $2,541.60 and in favor of appellee Miller and against appellant in the amount of $500.00, plus costs and interest.
 {¶ 5} On August 11, 2005, appellant filed a "Motion Pursuant to Civ.R. 60(B)" seeking relief from the default judgment. Appellant, in his motion, alleged, in relevant part, as follows:
 {¶ 6} "Plaintiff Miller was involved in the collision in a number of ways. Two obvious instance of Miller's negligence were: (1) Miller supplied alcoholic beverages to the minor defendant which resulted in the defendant becoming too intoxicated to operate the ATV, (2) Miller negligently positioned a Cadillac vehicle in a blind spot near a curve in the driveway in such a position that it was entirely foreseeable that a person operating an ATV on the driveway would not see the Cadillac until it was too late to avoid a collision.
 {¶ 7} "As established by the affidavits submitted by defendant Jayme Booth and his mother, they never received legal notice of the pendency of this action. The mail system employed at the gated community in which they live is a quite imperfect one, often causing them to miss mail directed to them due to errors by the person who is supposed to place their mail in their box. Sometimes the person who erroneously receives their mail makes an effort to see that it is placed on a counter where it would be visible to one and all, sometimes not."
 {¶ 8} Appellant also requested an oral hearing on his motion. As memorialized in a Journal Entry filed on January 11, 2006, the trial court overruled appellant's motion without a hearing.
 {¶ 9} Appellant now appeals from the trial court's January 11, 2006, Journal Entry, raising the following assignments of error:
 {¶ 10} "1. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING A DEFAULT JUDGMENT AS TO A CLAIM THAT WAS NEVER BROUGHT BEFORE IT IN THE PLEADINGS.
 {¶ 11} "2. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN NOT CONDUCTING AN ORAL HEARING ON DEFENDANT/APPELLANT'S CIV. R. 60(B) MOTION FOR RELIEF FROM JUDGMENT WHERE AFFIDAVITS SUBMITTED ON THE MOTION SUPPORTED THE MOTION WITH OPERATIVE FACTS WARRANTING RELIEF.
 {¶ 12} "3. THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT GRANTING DEFENDANT/APPELLANT RELIEF FROM JUDGMENT WHERE THE AFFIDAVITS SUBMITTED ON THE MOTION ESTABLISHED SUFFICIENT FACTS TO WARRANT RELIEF AND ABUSED ITS DISCRETION IN FAILING TO DO SO."
 I {¶ 13} Appellant, in his first assignment of error, contends that the trial court erred in entering a default judgment against him. Appellant specifically argues that the trial court erred in granting a default judgment for damages for the repair of a Cadillac when the complaint demanded damages for the repair of an ATV.
 {¶ 14} However, appellant has not appealed from the trial court's January 6, 2005, default judgment entry. Rather, appellant is appealing from the trial court's January 11, 2006, denial of his "Motion Pursuant to Civ. R. 60(B)." We will not entertain a collateral attack upon the merits of the default judgment entry itself. See Hughes v. Green Tree FinancialServicing Corp, Green App. No. 2002 CA 27, 2002-Ohio-4465. See also Anderson v. Anderson, Holmes App. No. 04CA010,2005-Ohio-2306.
 {¶ 15} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 16} Appellant, in his second assignment of error, argues that the trial court erred in failing to hold an evidentiary hearing on appellant's Civ.R. 60(B) motion even though appellant had requested one. We agree.
 {¶ 17} Appellant, in his 60(B) motion filed with the trial court, alleged, in part, that he had never been served with the summons and complaint. If appellant was never served, then the trial court never had personal jurisdiction over appellant. We find that while appellant's motion was captioned "Motion Pursuant to Civ. R. 60(B)" appellant's motion was, in part, a motion to vacate judgment for lack of personal jurisdiction.[1]
 {¶ 18} A motion to vacate judgment pursuant to Civ.R. 60(B) alleges that the judgment is voidable, unlike a motion to vacate judgment on jurisdictional grounds, which alleges that the judgment is void. Patton v. Diemer (1988), 35 Ohio St.3d 68,518 N.E.2d 941. Accordingly, the requirements of Civ.R. 60(B) do not apply where a party, such as appellant, attacks a judgment for want of personal jurisdiction. Dairyland Ins. Co. v. Forgus
(1989), 58 Ohio App.3d 78, 79, 568 N.E.2d 1232.
 {¶ 19} Therefore, the issue for determination is whether the trial court should have held a hearing on appellant's motion to vacate judgment for lack of personal jurisdiction. We find that the trial court erred in not holding a hearing on such motion.
 {¶ 20} Proper service of process is an essential component in the acquisition of personal jurisdiction over a party. State exrel. Strothers v. Madden (Oct. 22, 1998), Cuyahoga App. No. 74547,1998 WL 741909, (citing Holm v. Smilowitz (1992),83 Ohio App.3d 757, 615 N.E.2d 1047). There is a presumption of proper service when the civil rules governing service are followed, but this presumption is rebuttable by sufficient evidence. Id. (citing In re Estate of Popp (1994), 94 Ohio App.3d 640,641 N.E.2d 739. If service of process has not been accomplished, or otherwise waived, any judgment rendered is void ab initio.Westmoreland v. Valley Homes Mutual Housing Corp. (1975), 42 Ohio St.2d 291, 293-294, 328 N.E.2d 406. In the case sub judice, the summons and complaint were sent by ordinary mail. The ordinary mail was never returned. Thus, service was presumed complete. Civ.R. 4.6(D) and Rafalski v. Oates (1984),17 Ohio App.3d 65, 477 N.E.2d 1212.
 {¶ 21} However, in the case sub judice, appellant, in an affidavit attached to his Civ.R. 60(B) motion, stated, in relevant part, as follows:
 {¶ 22} "6. With respect to this law suit, I hereby state under oath that I never received any mail (certified, regular or of any other type) with a summons, copy of the Complaint or any other notice that Kevin Miller was suing me.
 {¶ 23} "7. The first information that I received concerning this law suit was when I was told that my Ohio driver's license was under suspension due to the judgment in this case. I knew nothing of this law suit before that time.
 {¶ 24} "8. I live with my mother in Hideaway Hills and our mail is delivered to a mail box. There are frequent mix-ups in delivery of our mail. We frequently get mail addressed to other people in our box and our mail is frequently put in other people's boxes by mistake.
 {¶ 25} "9. Sometimes people who receive our mail by mistake will put our mail on a counter so that we can find it by sorting through the mail on that counter.
 {¶ 26} "10. At other times, we just do not get some mail.
 {¶ 27} "11. Neither I nor my mother ever received anything from the Court or from plaintiff's attorney in the mail or otherwise about this law suit."
 {¶ 28} Furthermore, appellant's mother, in an affidavit attached to appellant's Civ.R. 60(B) motion, stated, in relevant part, as follows:
 {¶ 29} "1. I am the mother of Jayme E. Booth, the defendant in this case. Jayme lives with me at my house in Hideaway Hills.
 {¶ 30} "2. We learned recently that Jayme's driver's license has been suspended due to the default judgment in this case against Jayme.
 {¶ 31} "3. I hereby state to the Court that we never received a complaint, summons, or any other notice of any kind whatsoever in connection with this case.
 {¶ 32} "4. Our mail at Hideaway Hills is delivered to a box that is one of many such boxes and we frequently do not get mail because it is put in other person's boxes. Sometimes when our mail is recied [sic] by the wrong person, they will put it out on a counter for us to claim, but that is not always done and there are times when we simply do not get our mail. Although this happens frequently, we have no alternative but to use the box system because Hideaway Hills is a `gated' community.
 {¶ 33} "5. The first information I had about this case was when Jayme told me that his driver's license had been suspended because of a default judgment in this case."
 {¶ 34} However, despite such affidavits, no hearing was held on appellant's Civ. R. 60(B) Motion. Rather, the trial court entered judgment based upon appellant's motion and the record. While, as is stated above, there is a presumption of proper service where the Civil Rules on service of process are followed, this presumption is rebuttable by sufficient evidence. Rafalskiv. Oates (1984), 17 Ohio App.3d 65, 66, 477 N.E.2d 1212.
 {¶ 35} Based on the foregoing, we find that appellant presented operative facts which would warrant relief when he presented uncontroverted, sworn statements alleging that he did not receive the summons and complaint. In short, we find that appellant has presented sufficient evidence rebutting the presumption of proper service. While the affidavits may be self-serving, without a hearing, the trial court could not appropriately assess the appellant's credibility or the persuasiveness of appellant's.
 {¶ 36} evidence and could not determine whether appellant was truthful in alleging that he did not receive proper service of process. See, Cincinnati Ins. Co. v. Emge (1997),124 Ohio App.3d 61, 705 N.E.2d 408. See also Ohio Mut. Ins. Co. v.DeLong (Aug. 28, 2000), Fairfield App. No. 00CA17,2000 WL 1275576.[2]
 {¶ 37} Appellant's second assignment of error is, therefore, sustained.
 III {¶ 38} Appellant's third assignment of error is rendered moot pursuant to our disposition of appellant's second assignment of error.
 {¶ 39} Accordingly, the judgment of the Fairfield County Municipal Court is reversed and this matter is remanded to the trial court for further proceedings.
Edwards, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is reversed and remanded. Costs assessed 50% to each appellee.
[1] Appellant raised issues other than lack of service in his 60(B) Motion.
[2] In Delong, the appellants, after a default judgment was entered against them, filed a Civ. R. 60(B) motion. Attached to such motion were sworn statements from the appellants stating that even though they lived at the address to which the summons and complaint were sent, they had not received the same and had had problems with mail delivery in the past. After the trial court overruled their Civ. R. 60(B) motion without a hearing, the appellants appealed, arguing that the trial court erred in failing to hold a hearing on their Civ.R. 60(B) motion. This Court agreed, finding that the appellants were entitled to an oral hearing based on their affidavits.