[Cite as *In re Adoption of A.A.C.*, 2011-Ohio-5609.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| IN THE MATTER OF: THE | : | Hon. W. Scott Gwin, P.J. |
| ADOPTION OF A.A.C. | : | Hon. William B. Hoffman |
| | : | Hon. John W. Wise, J. |
| | : | |
| | : | |
| | : | Case No. CT2011-0028 |
| | : | |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Muskingum County
Court of Common Pleas, Probate Division,
Case No. 2010-04005

JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     October 28, 2011


APPEARANCES:

For Mickey Wagner                 For William R. Camp

SCOTT T. HILLIS                      JEANETTE MOLL
HILLIS & SMALL, LLC               803 Market Street
825 Adair Avenue                    Zanesville, OH 43701
Zanesville, OH 43701

*Gwin, P.J.*

{¶ 1} Mickey Wagner, the natural father of A.A.C., appeals a judgment of the Court of Common Pleas, Probate Division, of Muskingum County, Ohio, which overruled his motion to vacate the final decree of adoption allowing A.A.C.'s step-father to adopt her. Appellant assigns two errors to the trial court:

{¶ 2} "I. THE MUSKINGUM COUNTY PROBATE COURT COMMITTED REVERSIBLE ERROR IN FAILING TO CONDUCT A HEARING UPON APPELLANT'S MOTION TO VACATE THE FINAL DECREE OF ADOPTION.

{¶ 3} "II. THE MUSKINGUM COUNTY PROBATE COURT COMMITTED REVERSIBLE ERROR IN FAILING TO VACATE THE FINAL DECREE OF ADOPTION AS APPELLANT'S DUE PROCESS RIGHTS TO NOTICE OF THE HEARING WERE VIOLATED, AND THE COURT LACKED JURISDICTION."

{¶ 4} The record indicates the petition for step-parent adoption was filed February 19, 2010. Service on appellant was attempted by certified mail, which was returned unclaimed. Service was then sent by ordinary mail, which was not returned.

{¶ 5} On April 2, 2010, the court sent appellant notice, by ordinary mail, that a hearing would be conducted on April 26, 2010. On April 26, 2010, the court conducted the hearing, found appellant's consent to the adoption was not required, and entered an interlocutory order of adoption. Appellant did not attend the hearing.

{¶ 6} On June 4, 2010, appellant filed a motion to set aside the interlocutory order, arguing his consent was required, because he had justifiable cause for his lack of contact with his daughter. On June 22, 2010, the court overruled the motion to set aside the interlocutory order.

{¶ 7} On August 30, 2010, the probate court entered a final decree of adoption, from which appellant appealed on September 29.  In December, 2010, this court dismissed the appeal at appellant's request.

{¶ 8} On March 29, 2011, appellant filed a motion to vacate the probate court's judgment of adoption, urging he had not received service of the petition, or of the notice of the April 2010 hearing.  The trial court overruled the motion without a hearing, and this appeal ensued.

{¶ 9}  Parents have a fundamental liberty interest to make decisions concerning the care, custody and control of their children. *In Re: Adoption of Masa* (1986), 23 Ohio St.3d 163, 492 N.E.2d 140, citing *Santosky v. Kramer* (1982), 455 U.S. 745,. 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 and *In Re: Baby Girl Baxter* (1985), 17 Ohio St.3d 229, 479 N.E.2d 257. Any exception to the requirement of parental consent must be strictly construed so as to protect the right of the natural parents to raise and nurture their children. *In Re: Adoption of Schoeppner* (1976), 46 Ohio St.2d. 21, 345 N.E.2d 608.

I.

{¶ 10}  In his first assignment of error, appellant argues the court erred in overruling his motion to vacate without first conducting a hearing. Appellant cites us to the case of *Miller v. Booth*, Fairfield App. No. 06-CA-10, 2006-Ohio-5679, as authority for the proposition a trial court must hold a hearing to determine whether service of process was accomplished, if a defendant states sufficient facts to rebut a presumption of service of process. In the case at bar, appellant submitted an affidavit in support of his motion alleging he had not been served with the petition to adopt.

**{¶ 11}** In *Miller,* this court found service of process is an essential component in the acquisition of personal jurisdiction over a party. There is a presumption of proper service when the Civil Rules governing service are followed, but the presumption can be rebutted by sufficient evidence. If service of process has not been accomplished, or otherwise waived, any judgment rendered is void ab initio. In *Miller*, the summons and complaint were sent by ordinary mail. The ordinary mail was never returned. Thus, service was presumed complete.

**{¶ 12}** We note at the outset, appellant did not raise this issue in his first motion, asking the court to set aside the interlocutory order on June 4, 2010. Appellant raised the matter for the first time in his motion to vacate the final decree of adoption filed March 29, 2011. Appellant cited Civ. R. 60(B) and Ohio law in his motion, but the memorandum in support did not conform to the requirements of the Rule. Failure to comply with Civ. R. 60 (B) is not fatal to appellant's motion, because if a court has not acquired personal jurisdiction over a person, any judgment it makes is void ab initio, and Civ. R. 60(B) does not apply. *Miller*, supra at paragraph 17.

**{¶ 13}** Appellant's first motion, to set aside the finding his consent was not necessary, directly addressed the merits of the case. In it, appellant admitted he had failed to have contact with the child for more than one year, but argued the failure was justified under the facts of the case. Appellant explained he was prevented from contact with the child because of a Civil Protection Order. We have found this does not constitute justification for failure to contact, because it was the appellant's own actions that resulted in the need for the order. *Askew v. Taylor*, Stark App. No. 2004CA00184, 2004-Ohio-5504.

{¶ 14}   Appellant's second motion, raising the issue of personal jurisdiction, acknowledged service was sent to the correct address. Appellant asserted his mailbox is some distance from his home and is in a group of mailboxes, and he simply did not receive service or notice.

{¶ 15}   Unlike the case at bar, in the *Miller* case, Kevin Miller had not made an appearance in the case, or file any pleading. We find when appellant filed his motion to set aside the interlocutory order of adoption, he made an appearance in the case and subjected himself to the jurisdiction of the Probate Court.

{¶ 16}   We find the trial court did not err in not holding a hearing on the question of service of the original petition and the notice of hearing, because appellant's affidavit could set out no facts challenging service of process.

{¶ 17}   The first assignment of error is overruled.

II.

{¶ 18}   In his second assignment of error, appellant argues the court should have granted his motion to vacate the final decree because the court lacked jurisdiction to enter the judgment and his due process rights have been violated. Because we find appellant voluntarily submitted to the jurisdiction of the court, we find his due process rights were not violated and the court had jurisdiction to enter the final decree.

{¶ 19}   The second assignment of error is overruled.

**{¶ 20}**    For the foregoing reasons, the judgment of the Court of Common Pleas,

Probate Division, of Muskingum County, Ohio, is affirmed.


By Gwin, P.J., and Wise, J., concur;

Hoffman, J., dissents


_____

HON. W. SCOTT GWIN


_____

HON. WILLIAM B. HOFFMAN


_____

HON. JOHN W. WISE

*Hoffman, J., dissenting*

{¶ 21}   I respectfully dissent from the majority opinion.

{¶ 22}   While I agree this case is distinguishable from our previous decision in *Miller v. Booth*, 2006-Ohio-5679, because Appellant did voluntarily appear in the case sub judice.  Although the trial court undisputedly had acquired personal jurisdiction over Appellant on June 4, 2010, if not earlier, by that time the April 26, 2010 evidentiary hearing regarding whether his consent was necessary had already taken place.  Assuming Appellant's claim of lack of service of the Complaint and lack of notice of the hearing is found credible, the trial court's refusal to set aside the interlocutory order of adoption effectively precluded Appellant from being able to contest that decision.  By the time Appellant appeared, the damage had already been done; his consent to the adoption had been determined not to be required.

{¶ 23}   Although I specifically disagree with the Eight District's conclusion in *Rafalski v. Oates* (1984), 17 Ohio App.3d 65, I believe Appellant's affidavit is sufficient to warrant a hearing on whether he received timely notice of the April 26, 2010 hearing.  That is not to say Appellant's self serving affidavit is necessarily sufficient to overcome the presumption of valid service in this case.  As Appellee properly notes, Appellant's apparent receipt of the trial court's Interlocutory Order of Adoption at the same address may well support the conclusion Appellant's claim of lack of service and notice is not credible.  However, I believe Appellant should be afforded an opportunity at hearing to convince the trial court otherwise.

**{¶ 24}** I would sustain Appellant's first assignment of error and find his second assignment of error to be premature.


_____

HON. WILLIAM B. HOFFMAN

[Cite as *In re Adoption of A.A.C.*, 2011-Ohio-5609.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF:
THE ADOPTION OF A.A.C.      :
: 
: 
: 
: 
: 
:          JUDGMENT ENTRY
: 
: 
: 
:          CASE NO. CT2011-0028


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, of Muskingum County, Ohio, is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE