[Cite as *McCrown v. Eichenberger*, 2022-Ohio-2861.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| JESSICA MCCOWN | : | Hon. Earle E. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 22 CAG 01 0001 |
| RAYMOND EICHENBERGER | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:     Civil appeal from the Delaware Municipal
Court, Case No.21 CV I 1791


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     August 17, 2022


APPEARANCES:

For Plaintiff-Appellee

LEVI J. TKACH
604 East Rich Street
Columbus, OH 43215-5800

For Defendant-Appellant

RAYMOND L. EICHENBERGER, PRO SE
P.O. Box 431
Reynoldsburg, OH 43068

*Gwin, J.*

{¶1} Appellant Raymond Eichenberger appeals the December 23, 2021 judgment entry of the Delaware Municipal Court denying his motion to vacate.

*Facts & Procedural History*

{¶2} On October 19, 2021, appellee Jessica McCown filed a complaint in small claims court against appellant. Appellee sought judgment against appellant in the amount of $6,000, stating she was owed the amount, as "services provided not paid for; horses were cared for and trained, and bills were not paid." Attached to the complaint is an account statement from appellee regarding appellant's account. The account provides the total billed from January 1, 2020 to October 31, 2021 was $44,629, and appellant paid $33,386.00, with a total due of $12,243. Also attached to the complaint are numerous text messages between the parties.

{¶3} The Delaware County Clerk of Courts issued a summons on October 19, 2021, setting a trial date for November 23, 2021. The Clerk of Courts sent the summons certified mail to an address on Oakbrook Drive in Reynoldsburg, Ohio. On November 5, 2021, the Clerk of Courts sent the summons via certified mail to a P.O. Box in Reynoldsburg, Ohio. Both summonses were returned to clerk as "unclaimed." The summons was then sent via ordinary mail on November 17, 2021.

{¶4} The magistrate conducted a trial on appellee's complaint on November 23, 2021.

{¶5} The magistrate issued a judgment entry on November 24, 2021. The judgment entry states that the matter "came on for a bench trial on November 23, 2021," with an appearance by appellee, but no appearance by appellant. The magistrate granted

judgment for appellee against appellant for $6,000. The judgment entry specifically states, "based on the evidence adduced, the court finds defendant owes plaintiff $6,000+ on a delinquent account for horse training and care services." The trial court adopted the magistrate's entry as the final order of the court.

{¶6} Appellant did not appeal the trial court's November 24th judgment entry. Rather, on December 3, 2021, appellant filed a motion to vacate judgment; motion to quash service; and motion to transfer case to Franklin County Court of Common Pleas. Appellant attached an affidavit to his motions: confirming his address as the P.O. Box in Reynoldsburg; stating he did not receive summons of the complaint by any manner authorized by the Civil Rules prior to November 23, 2021; stating he learned of this action on November 24, 2021 via email; averring he has filed litigation against appellee in Franklin County; stating his defenses in this case are billing for unauthorized services, negligence, breach of contract in training horses, and harming the racehorses in question; and stating he should have been given time to answer the complaint.

{¶7} Appellee filed a memorandum contra to appellant's motions on December 22, 2021.

{¶8} The magistrate issued a judgment entry on December 23, 2021, denying appellant's motion to vacate, and findings his motions to quash and transfer moot. The magistrate noted appellant was properly served, and found that appellant did not claim a defense to appellee's complaint. Finally, the magistrate noted commencement of a new lawsuit after conclusion of these proceedings, such as the one filed by appellant in the Franklin County Court of Common Pleas on December 3, 2021, is not a basis for relief

from judgment. The trial court adopted and approved the magistrate's judgment entry on December 23, 2021.

{¶9} Appellant appeals the December 23, 2021 judgment entry of the Delaware Municipal Court, and assigns the following as error:

{¶10} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY THE GRANTING OF A DEFAULT JUDGMENT AGAINST THE DEFENDANT AND BY THEN FAILING TO VACATE THE DEFAULT JUDGMENT – EACH VIOLATED DUE PROCESS OF LAW AND THE LACK OF PROPER SERVICE DEPRIVED THE COURT OF JURISDICTION OVER THE MATTER AND MADE THE DEFAULT JUDGMENT VOID.

{¶11} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO GRANT THE DEFENDANT'S MOTION TO VACATE JUDGMENT.

{¶12} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN IGNORING THE CIVIL RULES AND OHIO STATUTES BY PURPORTING TO CONDUCT A DEFAULT JUDGMENT HEARING ON NOVEMBER 23, 2021 AND BY THEN GRANTING A DEFAULT JUDGMENT IN THIS CASE."

I., II., III.

{¶13} We address appellant's assignments of error together because they are interrelated. Appellant makes the following arguments: service of process was improper prior to the entry of the default judgment because it is a violation of the Civil Rules for a small claims court to conduct a hearing less than seven (7) days after a summons and complaint is mailed to a party; conducting a default judgment hearing on November 23,

2021 violated the Civil Rules; O.R.C. Section 1925 conflicts with and violates the fundamental right and spirit of the Civil Rules; a small claims hearing/trial cannot occur until 28 days have elapsed since service of process by ordinary mail was sent; and because R.C. 1925.02 conflicts with the Civil Rules, the Civil Rules should apply and a defendant in a small claims matter must be given 28 days to respond to a complaint.

{¶14} We first note that the premise underlying all of appellant's arguments is that the trial court committed error in granting default judgment against him.

{¶15} However, the judgment entry does not contain the language "default." It does indicate that appellant did not appear at the hearing; however, the entry states a "bench trial" was conducted and that, "based on the evidence adduced, the court finds Defendant owes Plaintiff $6,000+ on a delinquent account for horse training and care services." There is no indication from the judgment entry that the trial court based its decision on the failure of appellant to appear; rather, the judgment entry explicitly states the magistrate considered evidence and conducted a bench trial. The judgment entry denying appellant's motion to vacate states "plaintiff obtained judgment on the evidence." Appellant did not file a transcript of the November 23, 2021 trial, so this Court cannot review the proceedings to determine if the magistrate made any statements with regard to default at the trial. In the absence of a transcript, we must presume the regularity in the proceedings below and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1981).

{¶16} Appellant further makes the general assertion that the default judgment against him "violated the civil rules." However, other than noting the twenty-eight-day

answer period requirement, he does not specify which other civil rules the trial court allegedly violated.

**{¶17}** Civil Rule 1(C) provides as follows: "these rules [the Rules of Civil Procedure], to the extent that they would by their nature by clearly inapplicable, shall not apply to procedure * * * (4) in small claims matters under Chapter 1925 of the Revised Code." The statutory provisions contained in Chapter 1925 of the Revised Code supersede the civil pleading rules. *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193 (small claims hearings are simplified, as neither the Ohio Rules of Evidence nor the Ohio Rules of Civil Procedure apply).

**{¶18}** R.C. 1925.05(A) provides that "notice of the filing shall be served on the defendant as provided by the Rules of Civil Procedure." Accordingly, the civil rules apply for service of process in small claims court. Civil Rule 4.6(D) provides for ordinary mail service when certified mail is returned unclaimed. Civil Rule 4.6(D) was satisfied in this case. Service was properly completed by ordinary mail on the date the clerk sent the summons after certified mail went unclaimed, because the ordinary mail envelope was not returned as undeliverable. The notice of the trial date accompanying the ordinary mail was within the time parameters of R.C. 1925.04 ("the time set for such trial shall be not less than fifteen or more than forty days after the commencement of the action.")

**{¶19}** Appellant contends that, in a small claims action, a trial court is required to wait twenty-eight days to hold a trial so that a defendant has the opportunity to answer, pursuant to the time limitations contained in the Ohio Civil Rules. We disagree.

**{¶20}** "[T]he goal of small claims court is * * * to provide fast and fair adjudication as an alternative to the traditional judicial proceedings." *Cleveland Bar Assn. v.*

*Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193. Attorneys are not required to appear on behalf of any party in small claims court (R.C. 1925.01(D)), jurisdiction is limited to $6,000 and there is no subject-matter jurisdiction over claims for libel, slander, replevin, malicious prosecution, or abuse of process (R.C. 1925.02(A)(1)), claims for punitive damages are not permitted (R.C. 1925.02(A)(2)), there is no jury in small claims court (R.C. 1925.04), and claims move quickly, within 15-40 days after the complaint is filed (R.C. 1925.04(B). "[B]y design, proceedings in small claims court are informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively * * * the process is an alternative to full-blown judicial dispute resolution." *Id.*

**{¶21}** An answer is not contemplated by the small claims statutes, R.C. 1925.01, et seq. Accordingly, the 28-day answer period is inapplicable. Rather, upon initiation of a claim in small claims court, the matter is promptly set for trial. "The time set for such trial shall be not less than fifteen or more than forty days after the commencement of the action." R.C. 1925.04(B). "Fifteen days for trial obviously does not permit 28 days for an answer." *Bellbrook Firefighters Assn. v. Haus*, 2nd Dist. Greene No. 2018-CA-43, 2019-Ohio-3194; see also *Figetakis v. My Pillow Inc.*, 9th Dist. Summit No. 29843, 2022-Ohio-1078 (the filing of an answer is not required in a small claim matter); *Tomety v. Dynamic Auto Service*, 10th Dist. Franklin No. 09AP-982, 2010-Ohio-3699 (small claims action does not contemplate use of formal answer prior to trial); *Powers v. Gawry*, 11th Dist. Geauga No. 2009-G-2883, 2009-Ohio-5061.

**{¶22}** As to appellant's argument that Chapter 1925 conflicts with the Civil Rules and in order to maintain the "spirit" and "fundamental fairness" provided by the Civil Rules,

the Civil Rules should apply in the case of a conflict, both Civil Rule 1(C) and R.C. 1925.16 explicitly state that Chapter 1925 applies to small claims actions, even when it conflicts with the Civil Rules. *Mueller v. City of North Canton*, 5th Dist. Stark No. 2012-CA-82, 2012-Ohio-3561.

{¶23} Finally, appellant contends the provisions of Chapter 1925 of the Revised Code are inherently in conflict, due to the time period specified to notify a party regarding counter-claims. However, appellant did not make this argument to the trial court. An appellate court will generally not consider any error which a party complaining of the trial court's judgment could have called, but did not call to the trial court's attention, at a time when such error could have been avoided or corrected by the trial court. *Pastor v. Pastor*, 5th Dist. Fairfield No. 04 CA 67, 2005-Ohio-6946, citing *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 522 N.E.2d 524 (1988). Additionally, as detailed below, this is an argument appellant could have made via direct appeal of the November 24, 2021 judgment entry. He cannot now make this argument in an appeal of a denial of a motion to vacate, as a motion to vacate cannot be used as a substitute for a timely appeal.

{¶24} In this case, appellant did not file a timely appeal of the trial court's November 24, 2021 judgment entry. Rather, he filed a motion to vacate the judgment, and subsequently appealed the denial of that motion to this Court. It is well-established that "a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal." *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986).

{¶25} The arguments that appellant provides for vacating the November 24, 2021 order (violation to conduct hearing less than seven days after summons mailed, violation of civil rules, small claims hearing cannot occur until 28 days have elapsed since regular

mail sent, conflict between civil rules and Ohio Revised Code, Chapter 1925 is inherently in conflict) could have been raised in a timely direct appeal of that order. The claimed deficiencies or defects in the procedure followed by the trial court are matters that could have been raised and resolved on direct appeal, and appellant's motion to vacate was a substitute for appeal. Since a Civil Rule 60(B) motion cannot be used as a substitute for appeal, the trial court correctly denied the motion to vacate. *Erie Ins. Co. v. Haggerty*, 5th Dist. Licking No. CA-2682, 1980 WL 354101 (Aug. 1, 1980) (overruling appellant's appeal of denial of 60(B) motion arguing small claims court failed to follow correct procedure because the claimed deficiency in procedure could have been raised on direct appeal); *Miller v. Booth*, 5th Dist. Fairfield No. 06-CA-10, 2006-Ohio-5679 (when appellant did not appeal from judgment, but instead appealed from trial court's denial of motion to vacate, this Court would "not entertain a collateral attack upon the merits of the * * * judgment entry itself"); *In re Dankworth Tr.*, 7th Dist. Belmont No. 14 BE 9, 2014-Ohio-5825 (basis for vacating order could have been raised in direct appeal, so trial court correctly denied the motion to vacate); *Anderson v. Anderson*, 5th Dist. Holmes No. 04CA010, 2005-Ohio-2306 (whether trial court afforded appellant seven days' notice prior to hearing for default judgment was improper attempt to collaterally attack trial court's original entry when it was argued in a motion to vacate).

{¶26} Based on the foregoing, appellant's assignments of error are overruled. The December 23, 2021 judgment entry of the Delaware Municipal Court is affirmed.

By Gwin, J.,

Wise, Earle, J., and

Baldwin, J., concur

[Cite as *McCrown v. Eichenberger*, 2022-Ohio-2861.]